State, Boice, pros., v. City of Plainfield.

THE STATE, DAVID J. BOICE, PROSECUTOR, v. THE INHAB-
ITANTS OF THE CITY OF PLAINFIELD.

1. Where an ordinance is confused, yet if by careful reading, aided by a
   map, it is intelligible, it will not be avoided for uncertainty. Effect
   must be given, if possible, to all ordinances regularly passed, and
   within the powers conferred by the charter.
2. Where the charter provides for constructive notice of improvements
   by publication, personal notice is not required.
3. It is the right of a land-owner specially affected by a public improve-
   ment, to be informed, either by actual or constructive notice, of the
   time and place appointed for the meeting of council to consider their
   proposed action.
4. Where an ordinance is annulled for want of jurisdiction, by compe-
   tent notice to the persons affected, the error is fundamental, and cannot
   be remedied by subsequent legislation.

On *certiorari* to bring up the ordinance and notice for
widening Cherry street, from North avenue southeasterly to
Seventh street, under "an act to amend the charter of the
city of Plainfield," approved April 4th, 1872.

Argued at February Term, 1875, before Justices WOOD-
HULL, VAN SYCKEL and SCUDDER.

For the plaintiff, *Ackerman.*

For the defendants, *Maxon.*

The opinion of the court was delivered by
SCUDDER, J. This ordinance is not void for uncertainty.
It expresses that Cherry street shall be widened, laid out, and
opened in a southeasterly course, six feet wider than it is now
laid out and opened on the southwesterly side, for the entire
distance, and, on the northwesterly side, eight feet wider from
North avenue to Fourth street, and six feet wider from Fourth
street to Seventh street.

The expression, "so that the side lines shall be twenty-six and sixty-two-hundredths feet from the centre line on the northeast side," explains why part of the street on the northeast side is widened six feet and part eight feet. It is done so as to make the street on that side of an uniform width of twenty-six and sixty-two-hundredths feet from the centre. Although the language of the ordinance is confused, yet by careful reading, with reference to the map, it is intelligible. It is not uncertain and incongruous, as was the return of surveyors of roads in *State* v. *Green*, 3 *Green's R.* 88–91; *Griscom* v. *Gilmore*, 1 *Harr.* 105. *Id certum est quod certum reddi potest.* Effect must be given, if possible, to all ordinances regularly passed, within the powers conferred by charter. There is enough on the face of this ordinance to explain its purpose and define the boundaries of the improvement ordained. The streets named are located, and the references are sufficient to inform the owners of the land what portions are necessary to be taken and appropriated for widening the street.

It is an answer to the objection, that no personal notice was given to the land-owner of its intended adoption, to say that some such is required by the charter of 1872.

Section 29 provides for constructive notice, by directing that ten days' notice of the intended adoption by the common council of any ordinance, and ten days' publication in two newspapers printed in the city, shall be given. Where constructive notice is provided by the statute in such cases, it is sufficient, and it is not necessary that actual or personal notice should be given to each land-owner affected.

The third and fourth reasons assigned, that the published notice was insufficient, and the ordinance was passed without any opportunity afforded to interested parties to be heard in opposition thereto, are better founded, and annul this ordinance.

The notice published was merely that the ordinance had been introduced before the common council, ordered to a

State, Boice, pros., v. City of Plainfield.

third reading, and that it was the intention of the council to adopt the same.

The notice is defective in not stating when the ordinance will be considered by the council, so that the parties interested may be heard, if they desire.

The adoption of an ordinance to condemn lands for the purpose of widening a street, is not a legislative act, affecting all the citizens alike, but a judicial act, determining the rights of property of particular individuals.

It is fundamental law, that no man shall be deprived of his rights, either of person or property, without an opportunity of being heard. He cannot be heard unless he have a reasonable notice of the time when, and the place where, his rights are to be adjudged. *Hall* v. *N. J. Turnpike Co.*, 2 *Harr.* 337 ; *State* v. *Newark*, 1 *Dutcher* 411 ; *Hess* v. *Cole*, 3 *Zab.* 124 ; *State* v. *Jersey City*, 4 *Zab.* 662.

*State* v. *Morristown*, 5 *Vroom* 445, 452, 453, 454, is very full upon these points.

An ordinance directing streets to be opened or altered was there held to be a judicial act, and that the persons affected were entitled to be heard before the ordinance was passed, which adjudged the necessity or expediency of the proposed improvement, and directed it to be made. And, further, that such persons were entitled to be heard before the common council, sitting in its official capacity to hear and decide upon objections that might be made to their proposed action.

It is, therefore, not put upon the land-owner to see certain members of council, or all of them, unofficially, and state his case, nor is he required to seek, by inquiry of the city officers, or others, when and where they will meet officially to determine his rights. It is his right to be informed, either by actual or constructive notice, as the charter shall provide, of the time and place appointed for the meeting of council to consider their proposed action. The notice of the pendency of this ordinance failed to give this information, and the action of the common council to widen or alter Cherry street,

without such information, is void. This error being funda-
mental, annulling the ordinance for want of jurisdiction, by
competent notice of the persons affected, cannot be remedied
by subsequent legislation. The case is not affected by the
supplement, approved March 19th, 1874, which applies only
to the subsequent proceedings.

For the reasons above given, the ordinance is set aside,
with costs.